ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com,
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY etc., <br><br> Plaintiff, <br><br> v. <br><br> ATHENA MARIA VLACHOS etc., et al., <br><br> Defendants. | CASE NO.: CV 17-8096 JFW (AGRx) <br><br> **JUDGMENT AGAINST ATHENA MARIA VLACHOS** |

Default has been entered against defendant Athena Maria Vlachos an individual doing business as Commercial Construction Cleaning Resources ("VLACHOS" where not referred to by her full above-captioned name) for her failure to answer or otherwise respond to the complaint of the plaintiff ("ADMINCO" where not referred to by its full above-captioned name). [*See* Court Document 29 (entry of default).] ADMINCO has filed a motion for judgment by default against VLACHOS. Based upon ADMINCO's motion, the declarations submitted in support thereof, and all other records and documents on file, the Court finds that there is no just reason or cause for

1

delay in the entry of a final judgment in favor of ADMINCO and against VLACHOS, and grants judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **JUDGMENT IS HEREBY ENTERED IN FAVOR OF THE PLAINTIFF**, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-Training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund (hereinafter "Trust Funds" where referenced collectively), and **AGAINST DEFENDANT ATHENA MARIA VLACHOS, AN INDIVIDUAL DOING BUSINESS AS COMMERCIAL CONSTRUCTION CLEANING RESOURCES, IN THE AMOUNT OF $52,239.41**, consisting of the following amounts due for the period January 2013 through May 2018: (a) a principal amount of $48,265.01 (including $30,290.27 in unpaid fringe benefit contributions, $3,575.12 in interest, $11,252.53 in liquidated damages, $3,200.00 in audit fees and $35.00 in insufficient funds check fees, minus a credit of $87.91); (b) attorneys' fees of $3,495.90; and (c) costs of $478.50.

2. The Trust Funds have not conducted an audit of the records of defendant Athena Maria Vlachos, an individual doing business as Commercial Construction Cleaning Resources, for any month after September 2016. The monetary judgment

337270v2

issued hereby in paragraph 1 above shall not, and does not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds or any individual Trust Fund (including ADMINCO on behalf of the Trust Funds or any individual Trust Fund) to determine and collect any additional amounts due by defendant Athena Maria Vlachos for months after September 2016.

3. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: Defendant Athena Maria Vlachos an individual doing business as Commercial Construction Cleaning Resources is hereby ordered to submit to a full audit for the period October 2016 through the date of the audit, to fully cooperate with ADMINCO and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds, and, specifically, to produce to ADMINCO and the Trust Funds the following records – and any other records determined by ADMINCO or the Trust Funds to be necessary to conduct a full audit – for inspection, examination and copying:

    3.A. All of VLACHOS's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by VLACHOS, her employees, her subcontractors, her lower-tier subcontractors and the employees of VLACHOS's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for VLACHOS, her subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which VLACHOS, her employees, her subcontractors, lower-tier subcontractors or the employees of her subcontractors or

3
337270v2

lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

   3.B. All of VLACHOS's job files for each contract, project or job on which VLACHOS, her employees, her subcontractors, her lower-tier subcontractors or the employees of her subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between VLACHOS and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of VLACHOS's employees, her subcontractors, her lower-tier subcontractors or the employees of her subcontractors and lower-tier subcontractors, or the projects on which VLACHOS, her employees, her subcontractors, her lower-tier subcontractors or the employees of her subcontractors or lower-tier subcontractors performed work;

   3.C. All of VLACHOS's records related to cash receipts, including but not limited to VLACHOS's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which VLACHOS, her employees, her subcontractors, her lower-tier subcontractors or the employees of her subcontractors or lower-tier subcontractors performed work;

   3.D. All of VLACHOS's bank statements, including but not limited to those for all checking, savings and investment accounts;

   3.E. All of VLACHOS's records related to disbursements,

4

337270v2

including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

  3.F. All collective bargaining agreements between VLACHOS and any trade union, and all records of contributions by VLACHOS to any trade union trust fund; and

  3.G. All records related to the formation, licensing, renewal or operation of Commercial Construction Cleaning Resources.

**4.** **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: Defendant Athena Maria Vlachos, an individual doing business as Commercial Construction Cleaning Resources, is hereby ordered to deliver, or cause to be delivered:

  4.A. The following to the Trust Funds' offices within thirty (30) days of service of this judgment by ADMINCO on VLACHOS by mail to the address at which the complaint in this action was served: all past due monthly fringe benefit contribution report forms due by VLACHOS to the Trust Funds, truthfully and accurately completed and identifying all employees for whom fringe benefit contributions are owed to the Trust Funds by VLACHOS and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due.

  4.B. The following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

    4.B.1. Truthfully and accurately completed monthly fringe

337270v2

benefit contribution reports covering all of VLACHOS's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

    4.B.2. An affidavit or declaration from VLACHOS attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

    4.B.3. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by VLACHOS to the Trust Funds for the previous month (as set forth on the fringe benefit contribution report(s) submitted).

**THE FAILURE TO COMPLY WITH AN INJUNCTION ISSUED HEREBY SHALL BE GROUNDS FOR CONTEMPT OF COURT.**

Dated: September 4, 2018    _____
                JOHN F. WALTER
                United States District Judge